Filed 1/16/24 P. v. Cabrera CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERGIO CABRERA,<br><br>    Defendant and Appellant. | 2d Crim. No.B330436<br>(Super. Ct. No. BA214174)<br>(Los Angeles County) |

Sergio Cabrera appeals an order denying his petition for resentencing. (Pen. Code, § 1172.6.)[1] This is a *People v. Delgadillo* (2022) 14 Cal.5th 216 appeal.

In 2001, Cabrera was convicted of 1) attempted murder (§§ 664, 187, subd. (a)), with findings that he personally and intentionally discharged a handgun causing great bodily injury and acted with premeditation (§ 12022.53, subd. (d)); 2) assault with a firearm upon an officer (§ 245, subd, (d)(1)); 3) exhibiting a firearm in the presence of an officer (§ 417, subd. (c)); and 4)

---

[1] All statutory references are to the Penal Code.

shooting at an occupied motor vehicle (§ 246), with findings that he personally used a firearm (§ 12022.53, subd. (b)). The trial court sentenced him to life in prison with the possibility of parole for attempted murder with a consecutive term of 25 years to life for the firearm enhancement. It sentenced him to a concurrent term of 16 years to life for assault with a firearm on a police officer, and stayed the sentences for the remaining two offenses under section 654.

In 2004, we affirmed the conviction and found the evidence was sufficient to support the judgment. (*People v. Cabrera* (Aug. 31, 2004, B153549) [nonpub. opn.].)

On September 30, 2022, Cabrera filed a petition for resentencing. (Former § 1170.95, now § 1172.6.)

The People opposed the petition stating, "The jury was not instructed on the natural and probable consequences theory of culpability. The jury was not instructed on aiding and abetting. Petitioner was prosecuted and convicted as the actual perpetrator who committed this crime with actual malice and therefore cannot avail himself of the relief offered pursuant to Penal Code section 1172.6."

The trial court denied the petition. It found Cabrera had only "filed a boilerplate petition" and did not meet his burden to establish a prima facie case for the issuance of an order to show cause. He was the "actual attempted" killer who is not eligible for relief.

We appointed counsel for Cabrera for this appeal. Counsel filed a brief under *People v. Delgadillo, supra*, 14 Cal.5th 216, stating there were no arguable issues for appeal. Cabrera filed a supplemental brief.

DISCUSSION

Cabrera contends he made a prima facie showing for an order to show cause hearing because he is eligible for resentencing. He claims the jury was not properly instructed and was not given the opportunity to find him guilty of a lesser included offense. We disagree.

"Senate Bill 1437 'amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.) In 2021, the Legislature passed Senate Bill No. 775 (2021 Reg. Sess.). It allowed defendants convicted of attempted murder to file resentencing petitions. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891.) But relief is not available to defendants convicted of attempted murder who are the actual shooters. (*Id.* at p. 893.)

The trial court correctly found that Cabrera was not eligible for relief because he was the *actual shooter*. Cabrera has not cited to the trial transcripts to show otherwise. He has not shown that the trial court's findings in denying the petition were not accurate. The court noted that evidence showed "[Officer] Loza testified that Cabrera 'pulled out a gun, turned around as he was running' and pointed the gun at him and the other officers." The court said, "[T]he jury found [Cabrera] personally and intentioned discharged a firearm causing great bodily injury to Mr. Garcia." It also found Cabrera "committed 'willful, deliberate, and premeditated' attempted murder." Cabrera has

3

also not shown that the People's position in its opposition to his petition was inaccurate.

Cabrera claims the jury was not instructed on the intent to kill issue. But that is not the case. The jury was instructed: "To constitute willful, deliberate, and premeditated attempted murder, the would-be slayer must weigh and *consider the question of killing* and the reasons for and against such a choice and, having in mind the consequences, *decides to kill* and makes a direct but ineffectual *act to kill* another human being." (Italics added.)

Cabrera contends the jury was not given the choice to find a lesser included offense. But the jury was instructed: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged in Count 1, you may nevertheless convict him of any lesser crime . . . ."

Cabrera appears to claim that he made a sufficient prima facie showing for the issuance of an order to show cause for an evidentiary hearing. But the trial court found he filed "a boilerplate petition" that was insufficient to support a prima facie showing. Cabrera has not cited to the trial transcripts to make a sufficient prima facie showing for resentencing relief.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.          CODY, J.

4

Henry J. Hall, Judge

Superior Court County of Los Angeles

_____

J. Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.